**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

FOR COURT USE ONLY

IN THE MATTER OF:

Raymond E. Howarth and Gladys S. Wright-Howarth
11631 Herbert Avenue
Warren, MI 48089-1230

Last Four Digits of S.S. # (s)    1057 / 5150
_____/
Debtor(s)

Case Number:
Judge

# CHAPTER 13 PLAN

[X] Original  OR  [ ] Modification No. _____        [ ] Pre-Confirmation OR [ ] Post-Confirmation

I. **PLAN PAYMENTS AND DISBURSEMENTS**:

This is the Debtor's(s) latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A. Debtor shall make payments in the amount of **$122.17** per **Month**.

B. Plan length: **48** months, commencing on the date of entry of the Order Confirming Plan which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five (5) years. **The commitment period pursuant to Form 22C is three years.**

C. Debtor commits **100%** of all tax refunds received or entitled to after commencement of this case and shall not alter any withholding deductions/exemptions without Court approval.

D. Treatment of Claims:

**1. Class One - Administrative Expenses**:
   a. Trustee fees as determined by statute.
   b. Attorney fees and costs: An agreed fee of **$3,000.00** less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of **$2,500.00** plus costs advanced in the amount of **$0.00**, which totals **$2,500.00**. Said sum to be paid at the rate of **$2,500.00** per month.
   c. Other:

**2. Class Two - Continuing Claims**: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. §1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the Debtor shall increase Plan payments as needed for such compliance.

   a. Post Confirmation:

| Creditor/Collateral | Monthly Payment |
|---|---|
| Bank of America, N.A. / Residence | $690.47 Direct by Debtors who are current on this secured obligation. This creditor may continue regular billing statements directly to Debtors. |

(1) Model Plan Version 2.0 - 05/01

11-56953-wsd    Doc 6    Filed 06/17/11    Entered 06/17/11 16:48:35    Page 1 of 6

**(b) Post Petition/Pre-Confirmation Arrears:** (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| None | | | | |

## 3. Class Three - Executory Contracts and/or Unexpired Leases: [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365].

**a. Continuing Post-Petition Obligations:**

| Creditor/Collateral | Assume/Reject/Assign | If Assumed/Regular Payment Per Month | Lease/Contract Expiration Date |
|---|---|---|---|
| Catherine Hill / Land Contract for: 207 Breckenridge, Houghton Lake, MI | Reject | | |

**b. Pre-Petition Obligations:**

| Creditor/Collateral | If Assumed/ Amount of Default | If Assumed, number of months to cure from confirmation date + interest rate. | If assumed, monthly payment on cure: |
|---|---|---|---|
| None. | | | |

## 4. Class Four - Arrearage on Continuing Claims: [11 U.S.C. 1322(b)(5)]
**Pre-Petition Arrears:**

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of Months to Cure From Confirmation Date: |
|---|---|---|---|---|
| None. | | | | |

## 5. Class Five - Other Secured Claims: Secured Claims other than Classes Two and Four on which the last payment will come due within the Plan duration:

| Creditor/ Collateral | "Crammed Down" [11 USC 1325(a)(5)] or modified [11 USC 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment Incl. Interest | Total To Pay Incl. Interest | Number of Months From Confirmation |
|---|---|---|---|---|---|---|
| Christian Financial C.U. / 2002 Ford Focus | Per Contract | $4,500.00 | Per Contract | $191.00 | $990.00 | 5 Months |
| Best Buy / H.S.B.C. / Television | Modified 1322(b)(2) | $500.00 | 12.00% | $31.00 | $549.00 | 18 Months |

6. **Class Six - Priority Unsecured Claims**: [11 U.S.C. 1322(a)(2)].

   | Creditor | Amount: | Interest Rate |
   |---|---|---|
   | State of Michigan | $717.00 | 0.00% |

7. **Class Seven - Special Unsecured Claims** shall be paid in full and concurrently with Class Eight General Unsecured Claim.

   | Creditor | Amount | Interest Rate | Reason for Special Treatment: |
   |---|---|---|---|
   | None. | | | |

8. **Class Eight - General Unsecured Claims** shall be paid **5.00%** of such amounts with interest at the rate of **0.00%** per annum. The Plan shall provide either the percent stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

9. **Other Provisions**:

   None.

II. **GENERAL PROVISIONS:**

A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF**:

   II. F.  Proofs of Claim At Variance With Plan.
   II. I.  Order Of Payment Of Claims.

B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the Debtor [11 U.S.C. 1327(b)]. The Debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. 1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C. **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation of this Plan the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the Debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F. **PROOFS OF CLAIM FILED AT VARIANCE WITH THE PLAN**: In the event that a proof of claim is filed and allowed that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:
   1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, valuation of collateral and classification of the claim.

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to valuation or any other contractual term.

3. If a proof of claim is filed that is at variance with this Plan or related schedules, the Trustee shall automatically treat

that claim as the holder indicated, unless provided otherwise in this Paragraph F or by order of Court.

4. As to any secured claim specified in Class 2 or Class 5 for which the Plan proposes to "strip" the lien and treat

the claim as wholly unsecured pursuant to 11 USC Section 506 and 11 USC Section 1322, entry of the Order Confirming Plan shall control the classification of any Proof of Claim filed regarding the claim for which the lien is being stripped and such proof of claim will be classified as a Class 8 unsecured claim, but the Proof of Claim shall control as to the amount of the allowed Class 8 unsecured claim. Upon entry of a discharge, the creditor whose lien is "stripped" shall at its own cost and expense, execute and deliver to Debtor a satisfaction or release of the lien, in recordable form. Debtor shall be responsible for and shall bear any cost associated with the recording of that satisfaction or release in the applicable public records.

5. A proof of claim or interest shall be deemed filed under 11 USC Section 501 for any claim or interest that appears

in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan.

**NOTE**: Debtor reserves the right to object to any claim.

G. **TAX RETURNS AND SET OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (See LBR 2083-1 (E.D.M.) Regarding non-filed returns):

H. **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the Debtor is self-employed and incurs trade credit in the production of income from such employment.

1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the Debtor are incorporated herein by reference.

2. The Debtor shall comply with the provisions of LBR 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS**: Class One claims shall be paid in advance of others, then Class Two and Five concurrently and in advance of all remaining classes, then Class Three and Class Four, Then Class Six, and then Class Seven and Class Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)].

J. **MODEL WORKSHEET**: The worksheet on a form available from the clerk's office is required by LBR 3015-(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Class 4, and Class 5, the time to cure shall be paramount and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the Debtor's property. After confirmation of this Plan, if the Debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an Affidavit of Default and in the event the default is not cured within ten (10) days from the date of service of the affidavit upon the Debtor, Debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further Affidavit attesting to the Debtor's failure to cure. Said Order shall be granted without motion or hearing.

M. **ENTRY OF ORDERS LIFTING STAY**: Upon entry of an Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an Amended Claim is filed by such creditor.

**N. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | $65,000.00 | $68,434.00 | $0.00 | $0.00 | $0.00 |
| **VEHICLES**<br>**2002 Ford Windstar**<br>**2002 Ford Focus** | $3,000.00<br>$4,500.00 | $0.00<br>$990.00 | $3,000.00<br>$3,510.00 | $3,000.00<br>$3,510.00 | $0.00<br>$0.00 |
| **HHG/PERSONAL EFFECTS** | $5,000.00 | $0.00 | $5,000.00 | $5,000.00 | $0.00 |
| **JEWELRY** | $700.00 | $0.00 | $700.00 | $700.00 | $0.00 |
| **CASH/BANK ACCOUNTS** | $1,630.00 | $0.00 | $1,630.00 | $1,630.00 | $0.00 |
| **OTHER**<br>**Land Contract Property** at:<br>   207 Breckenridge<br>   Houghton Lake, MI<br>**Home Computer & Software**<br>**Teamsters Pension**<br><br>**Miscellaneous Tools** | $13,000.00<br><br><br><br>$200.00<br>$81.64<br>(Per Month)<br>$200.00 | $12,536.00<br><br><br><br>$0.00<br>$0.00<br><br>$0.00 | $464.00<br><br><br><br>$200.00<br>$81.64<br>(Per Month)<br>$200.00 | $464.00<br><br><br><br>$200.00<br>$81.64<br>(Per Month)<br>$200.00 | $0.00<br><br><br><br>$0.00<br>$0.00<br><br>$0.00 |

Amount available upon liquidation....................................................................... $0.00

Less administrative expenses and costs............................................................... $0.00

Less priority claims................................................................................ $0.00

Amount Available in Chapter 7......................................................................... $0.00

Dated: June 14, 2011

| | |
|---|---|
| */S/ Mark W. Chessman* | */S/ Raymond E. Howarth* |
| Mark W. Chessman (P29174) | **Raymond E. Howarth** - Debtor |
| Attorney for Debtor(s) | |
| Law Offices of Mark W. Chessman P.C. | |
| 25225 Gratiot Avenue | |
| Roseville, MI 48066 | */S/ Gladys S. Wright-Howarth* |
| (586)-498-9400 | **Gladys S. Wright-Howarth** - Debtor |
| diana@chessmanlaw.com | |

# **WORKSHEET**

1. Length of Plan is: _____ Weeks __48__ Months _____ Years

    Debtor #1

2. $122.17 Per Pay Period X __48__ Pay Periods Per Plan = Total Per Plan          $5,864.16

    Debtor #2

    $_____ Per Pay Period X _____ Pay Periods Per Plan = Total Per Plan _____

3. $_____ Per Pay Period X _____ Pay Periods Per Plan =

4. Lump Sums:

5. Equals Total To Be Paid Into Plan:          $5,864.16

6. Estimated Trustee's Fees          $410.00

7. Attorney's Fees and Costs          $2,500.00

8. Total Priority Claims          $717.00

9. Total Installment Mortgage or
    Other Long Term Debt Payments

10. Total of Arrearage, Including Interest

11. Total Secured Claims, Including Interest          $549.00

12. Total of Items 6 through 11          $4,176.00

13. Funds Available For Unsecured Creditors (Item 5 Minus Item 12)          $1,688.16

14. Total Unsecured Claims (If All File)          $35,805.00

15. Estimated Percentage to Unsecured Creditors Under Plan (item 13 divided by item 14)          5.00%

16. Estimated Dividends To General Unsecured Creditors If Chapter 7          $0.00
    _____ (See liquidation Analysis Attached)

COMMENTS: